UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

CHERI ANN VARELA,                           Case No. DG 14-05886
                                            Chapter 7
                Debtor.                     Hon. Scott W. Dales
_____/

### MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
            Chief United States Bankruptcy Judge

The court held a hearing on December 17, 2014, in Grand Rapids, Michigan, to consider the chapter 7 trustee's objection to the exemption that Cheri Ann Varela (the "Debtor") claimed in certain real estate located at 7359 N. Oceana, Hart, Michigan (the "Property"). The Debtor appeared at the hearing *pro se*, and Marcia Meoli (the "Trustee") appeared for the estate. This written decision supplements the oral ruling the court rendered on the record at the conclusion of the hearing.

The Trustee opposes the exemption because the Debtor transferred the Property to relatives before the petition date in a transaction that the Trustee intends to "avoid" using her authority under chapter 5 of the Bankruptcy Code. She contends that if she avoids the transfer and recovers the Property for the estate, then 11 U.S.C. § 522(g) will preclude the Debtor from benefiting from any exemption claim with respect to the Property.

The Debtor confirmed that she transferred the Property to her relatives before filing her bankruptcy petition, but the transferees —postpetition— re-conveyed the Property to her. More

specifically, the Debtor did not own the Property on the petition date, and despite the postpetition transfer back to her (rather than to the Trustee),[1] the Property remains outside the estate.

After hearing from the parties, the court announced its decision to sustain the Trustee's objection, but for reasons other than the Trustee offered.  Because § 522 authorizes a debtor to claim exemption rights only with respect to "property of the estate,"[2] and because the Property is not within the estate, the exemption as presently claimed is not authorized.  Unless and until the Trustee recovers the Property in a manner that triggers § 522(g), the Trustee's reliance on that provision is premature.  Today, it is enough to say that the Property is not within the estate and, therefore, the Debtor is not entitled to exempt it.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Objection (DN 20) is SUSTAINED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Cheri Ann Varela, Marcia R. Meoli, Esq., chapter 7 trustee, and the United States Trustee.

END OF ORDER

**IT IS SO ORDERED.**

**Dated December 18, 2014**



Scott W. Dales
United States Bankruptcy Judge

---

[1] In general, property that a chapter 7 debtor acquires postpetition is not included within the bankruptcy estate.  *See generally* 11 U.S.C. § 541(a) (defining property of the estate by reference to the debtor's interests as of the petition date, except for limited types of property that the debtor acquires within 180 days after the petition date).

[2] 11 U.S.C. § 522(b)(1) (authorizing a debtor to "exempt from property of the estate" the property listed in § 522(b)).